IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| WILLIE WOODS, | }<br>} |
| Plaintiff, | }<br>} |
| v. | }  CIVIL ACTION NO.<br>}  03-AR-0578-J |
| JASPER AUTOMOTIVE, INC., | }<br>} |
| Defendant. | } |

FILED
04 JUN -3 PM 1:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 03 2004

## MEMORANDUM OPINION

Defendant, Jasper Automotive, Inc. ("Jasper Auto"), has filed a motion for summary judgment seeking a dismissal of the above-entitled action brought by plaintiff, Willie Woods ("Woods"), a black former employee of Jasper Auto.  In order to invoke Rule 56, Jasper Auto insists that the undisputed facts entitle it to judgment as a matter of law.

When the complaint was filed, Woods was represented by other counsel.  The original complaint contained claims under 42 U.S.C. § 1981 for constructive discharge, a hostile racial environment and disparate pay based on race.  Woods, under the tutelage of present counsel, has wisely abandoned his claim of constructive discharge, leaving for consideration only his claims of hostile environment and unequal pay.

### Hostile Environment

The racial remarks about which Woods complains are arguably both objectively and subjectively offensive.  The court must assume that the things Woods says he heard, and by whom the things were

said, are true. Nevertheless, there are undisputed facts that keep these offensive remarks from constituting a workplace environment actionable under § 1981. The first is that at all relevant times Jasper Auto had a formal, written anti-harassment policy with which Woods was familiar. There is no reason to believe that Jasper Auto was not serious in its insistence that its workforce conform to the anti-discrimination norms. The second is that Woods did little, if any, complaining to a supervisor or higher management, as he was instructed to do by the anti-harassment policy. Third, the offending remarks were not uttered by top management, or in their presence so as to reflect participation or toleration of this conduct by management. Fourth, and most important, the offending remarks were only occasional and cannot be legitimately described as invidious, or severe, or pervasive. If the remarks had been pervasive and severe enough to create a truly hostile racial environment, Woods would, in all likelihood, have availed himself of the anti-harassment policy. On the one occasion in which he did complain to a higher-up about a racist remark, the offending employee was admonished and made to apologize. On the undisputed facts, Woods' hostile environment claim fails.

## Disparate Pay

Woods claims that he was paid less than comparable white employees. He offers two white employees for comparison, namely, Randy Estes and Mike Walker. Woods started at $6.75 per hour, was

raised to $7.00 and later to $7.25, whereas Estes was hired in at $9.00 per hour. But Estes was hired as a full-time supervisor in the clean-up department in which Woods was only a part-time employee with no supervisory responsibility or experience. Walker was hired in at $7.00 per hour and was given a merit increase to $7.50 sometime before Woods quit. Walker had prior experience with an automobile dealership, whereas Woods did not. The court does not believe that Woods can be fairly compared to Estes. They are simply not comparable. However, based on the current state of the evidence, Woods can make a plausible argument that the slight difference between the treatment he received at the pay window and that accorded Walker can better be explained by discrimination based on race than by any differences in the experience or the job assignments of the two employees. The comparison is weak circumstantial evidence of discriminatory intent, and there is no direct evidence on the subject, but at this juncture the employer's motivation for the slight pay disparity is a question for the jury.

## Conclusion

A separate order will be entered granting partial summary judgment.

DONE this 3rd day of June, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE